QUIN *a.* McOLIFF.

*New York Common Pleas ; Special Term, February,* 1855.

MECHANICS' LIEN.—REQUISITES OF COMPLAINT.

The complaint of a sub-contractor who seeks to enforce a mechanic's lien for labor or materials, should show that his own contract with the contractor was made in conformity with the terms of the contractor's contract with the owner.

Motion for an injunction.

This was an action brought against McOliff, and the corporation of the city of New York. Its object was to foreclose a mechanic's lien, claimed by the plaintiff, upon a building owned by the corporation. The plaintiff had done work upon

the building in pursuance with a contract between himself and McOliff, who had contracted with the corporation.

The corporation appeared in the action; but the defendant, McOliff, made default.

The plaintiff apprehending that the defendants were about to tear down the building to which his lien attached, moved for an injunction to restrain them from so doing, on the ground that to tear it down, would be doing an act tending to render his judgment ineffectual.

The defendant, McOliff, appeared by counsel to oppose the granting of the injunction.

*Bellows*, for defendant, McOliff. The order to show cause why an injunction should not be granted, was served upon McOliff. He, as well as the corporation, is sought to be restrained, and he is entitled to appear at this stage of the proceedings to oppose the application.

The plaintiff is not entitled to an injunction, unless it appears by his complaint that he is entitled to the relief demanded. (*Code*, § 219). His complaint shows no cause of action. It merely states that he performed work and furnished materials in pursuance of a contract with McOliff. This is not enough to give him a lien.

DALY, J.—(Orally). The corporation being the owner and Oliff the contractor, it ought to appear by the complaint that the work was performed and the materials were furnished by the plaintiff to McOliff, *in conformity with the terms of the contract made by McOliff, with the owner*, the corporation. This was essential to the right of lien. The complaint contains no such averment, nor does that fact appear even by the notice filed with the county clerk. No right of action was shown by the complaint, and no injunction can be granted.